IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NORRIS ELLWOOD SMITH,<br>    Plaintiff,<br><br>v.<br><br>ROCKINGHAM REGIONAL JAIL, *et al.*,<br>    Defendants. | Civil Action No. 7:21-cv-00461<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Norris Ellwood Smith, a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. His complaint names two defendants: "Rockingham Regional Jail" and Sheriff Bryan F. Hutcheson. (Compl. 1, Dkt. No. 1.) The case was conditionally filed.

Not realizing that plaintiff had, in fact, returned his consent-to-fee form,[1] the court mistakenly entered an order of dismissal. (Dkt. No. 7.) In light of that error, the dismissal order (Dkt. No. 7) will be vacated, and the case reinstated temporarily on the active docket of the court. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a).

I.  DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean,

---
[1] Before dismissal, the final docket entry in the case reflected that the order enclosing the consent-to-fee form had been returned to the Clerk as undeliverable. (Dkt. No. 6.) A subsequent copy sent to an updated address, however, was apparently received by Smith and returned.

however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

Applying those standards here, it is clear that Smith's complaint must be dismissed for several reasons. First, he has not stated a viable claim against either defendant. The first defendant—"Rockingham Regional Jail"—is not a legal entity, it is not a "person" subject to suit under § 1983, and Smith cannot maintain this action against a jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").[2]

Second, Smith's complaint also is deficient with regard to Sheriff Hutcheson. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

---

[2] Even if the court were to construe Smith's claims as being brought against the entity that operates the jail, his claims nevertheless fail. Although the complaint does not allege specifically who operates the Jail, it appears to be administered by Sheriff Bryan Hutcheson, rather than a regional jail authority. *See* Rockingham County Sheriff's Office, "R/H Regional Jail," http://www.rcso-va.com/rockinghamregionaljail.html (setting forth policies and procedures for the jail at a page of the Sheriff's Office's website) (last visited November 4, 2021). Any official-capacity claims against Sheriff Hutcheson are barred because sheriffs in Virginia are state officials and entitled to Eleventh Amendment immunity. *Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013). Even if the Jail were operated by a regional jail authority, moreover, some district courts in Virginia, including this one, have held that regional jail authorities also are entitled to Eleventh Amendment immunity, although the Fourth Circuit has not yet spoken on the issue and there also is contrary authority. *See, e.g.*, *Haleem v. Quinones*, No. 5:17-cv-00003, 2017 WL 4400767, at *2–3 (W.D. Va. Sept. 30. 2017) (concluding a regional jail authority has Eleventh Amendment immunity under Virginia law); *but see Sams v. Armor Corr. Health Servs., Inc.*, No. 3:19CV639, 2020 WL 5835310, at *13 (E.D. Va. Sept. 30, 2020) ("[T]he Court joins the majority of courts in the Eastern and Western District of Virginia that have found regional jail authorities in the Commonwealth of Virginia are not municipal corporations entitled to sovereign immunity."). Additionally, aside from issues of immunity, Smith has not alleged facts sufficient to allow a claim under against a local governing body. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978) (explaining that to sue a local governing body directly under § 1983, the constitutional violation must result from an official policy or custom); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985) (same).

person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Here, Smith does not mention Sheriff Hutcheson in the body of his complaint at all, let alone identify anything that Hutcheson personally did or failed to do that violated Smith's constitutional rights. Thus, Smith fails to state an claim against Hutcheson. *See Wilcox*, 877 F.3d at 170. To the extent that Smith is naming Hutcheson simply because he is a supervisor with authority over the jail, he has failed to allege facts to establish supervisory liability. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (discussing the elements necessary to establish supervisory liability under § 1983); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (same). Moreover, there is no respondent superior liability under § 1983. *Vinnedge*, 550 F.2d at 928. Thus, the complaint fails to state a claim against Hutcheson in his individual capacity, either.

Lastly—and importantly—Smith's claims fail for the simple reason that they are wholly conclusory and lack any factual detail. The entirety of the factual matter in his complaint says that he contracted COVID-19 on some unknown date, and that he did not have it on November 17, 2020. For relief, he asks to be compensated and "for them to do better with people." (Compl. 4, Dkt. No. 1.) He does not identify anything that occurred at the jail that resulted in his

3

alleged injuries or any detail suggesting that he was seriously ill as a result of contracting the virus, let alone any facts to establish an Eighth Amendment violation based on his conditions of confinement.[3]

To plead such a claim would require facts showing that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The facts in Smith's complaint do not satisfy either of these elements. Although he apparently believes that officers at the jail could have done "better" to prevent the spread of COVID-19, he does not allege that he was particularly vulnerable to serious complications from the virus. Nor does he allege that he suffered any such complications. Smith also does not allege that any officer, let alone Hutcheson, actually knew of and disregarded a serious risk to his health or safety. The mere fact that a prisoner was diagnosed with COVID-19 while in a jail or prison, without more, does not state a constitutional claim.

---

[3] Smith's complaint does not state whether he was a convicted prisoner or a pretrial detainee at the time of the events alleged in the complaint, nor does he even identify what date he was diagnosed with COVID-19. Court records indicate that he was arrested in June 2020, held in custody, and is currently serving a ten-year sentence imposed on August 30, 2021. *See Commonwealth v. Smith*, CR20001058-00 (Rockingham Circuit Court), available at https://eapps.courts.state.va.us/ocis/search (last visited Nov. 4, 2021). In 2020, he also was on probation for a prior felony offense. *See Commonwealth v. Smith*, CR01032750-00 (Loudoun Circuit Court), available at https://eapps.courts.state.va.us/ocis/search (last visited Nov. 4, 2021). If he was a pretrial detainee at the relevant time, his living conditions claim would be analyzed differently, under the Due Process Clause of the Fourteenth Amendment. *See Williamson v. Stirling*, 912 F.3d 154, 173–74 (4th Cir. 2018). Regardless of his status and the analysis employed, his sparse allegations fail to state a claim.

## II.  CONCLUSION

For the foregoing reasons, Smith's complaint is subject to dismissal. In light of his status as a pro se litigant, however, the court will give him an opportunity to amend his complaint if he can correct the deficiencies noted in this opinion. Any amended complaint must be filed within thirty days. If he chooses to file one, his amended complaint should contain sufficient factual matter to state a plausible claim and must name a proper defendant.

An appropriate order will be entered.

Entered: November 4, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge